**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 0 4 2015

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

| | | |
|---|---|---|
| PAIGE GREENWELL and ZACHARY FLUKER, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| | ) | Case No. 4:15 cv 742-DPM |
| Plaintiffs, | ) ) | Judge Marshall |
| v. | ) ) | Magistrate Judge Ray |
| THE HOWARD GROUP, R WINGS R WILD, LLC, and CONWAY WILD WINGS, LLC | ) ) ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Paige Greenwell and Zachary Fluker, on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys and for their Complaint against Defendants The Howard Group, R Wings R Wild, LLC ("R Wings"), and Conway Wild Wings, LLC ("Conway Wings"), state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiffs and other tipped employees all earned minimum wages.

2. Defendants operate franchised restaurants in Arkansas, Texas, and Oklahoma under the trade name "Buffalo Wild Wings."

3. Plaintiffs and the persons they seek to represent are current and former tipped employees of Defendants working as servers and bartenders.

4.      Defendants pay their tipped employees sub-minimum hourly wages under the tip-credit provisions of the AMWA and FLSA.

5.      The AMWA and FLSA permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with all of the requirements of the tip-credit provisions of those laws.  Defendants willfully disregarded those requirements, and thus violated the state and federal minimum wage laws, by: (1) regularly requiring tipped employees, paid sub-minimum wages, to perform duties outside the scope of their tipped positions, including portioning dressings in the back of the house, slicing fruit, rolling silverware, washing cups, glassware, silverware, or food platters, and cleaning the restaurants; and (2) requiring tipped employees to reimburse Defendants from their tips for customer walkouts and cash register mistakes.

**THE PARTIES**

6.      Plaintiff Greenwell resides in and is domiciled in Illinois.

7.      From approximately July 2013 through October 2013, Plaintiff Greenwell was employed by Defendants The Howard Group and R Wings as a server at their restaurant in Little Rock, Arkansas.

8.      During the entire course of her employment by Defendants, Plaintiff Greenwell was paid approximately $2.63 per hour to work as a server, regardless of the job duties she was required to perform.

9.      Plaintiff Fluker resides in and is domiciled in West Helena, Arkansas.

10.     From approximately December 2012 to May 2013, Defendants employed Plaintiff Fluker as a server at their restaurant in Sherwood, Arkansas. During that time, Plaintiff Fluker

2

also worked occasional workweeks as a server at Defendants' restaurant in Conway, Arkansas.
From approximately May 2013 to August or September 2013, Defendants employed Plaintiff
Fluker as a server at their restaurant in Little Rock, Arkansas. Finally, from approximately
January or February 2014 to June 2014, Defendants employed Plaintiff Fluker as a server at their
restaurant in Sherwood, Arkansas.

11.     During the entire course of his employment by Defendants, Plaintiff Fluker was
paid approximately $2.63 per hour to work as a server, regardless of the job duties he was
required to perform.

12.     On information and belief, The Howard Group is an Oklahoma partnership.

13.     R Wings is an Arkansas corporation with its principal place of business in Little
Rock, Arkansas.

14.     Conway Wings is an Arkansas corporation with its principal place of business in
Conway, Arkansas.

15.     Upon information and believe, The Howard Group operates over eighteen (18)
Buffalo Wild Wings restaurants in Arkansas, Texas, and Oklahoma.

16.     The Howard Group and its subsidiary or affiliated entities, including R Wings and
Conway Wings, are engaged in related activities performed for a common business purpose,
through unified operation or common control, including the use of common management
employees and personnel policies and practices that are alleged herein to violate the FLSA and,
at the Arkansas locations, the AMWA.

17.     Each Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1),
and each is an enterprise engaged in commerce or in the production of goods for commerce
within the meaning of the FLSA.  29 U.S.C. § 203(s)(1).

**Jurisdiction and Venue**

18.     This Court has federal question jurisdiction over Plaintiffs' FLSA claims, which
arise under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

19.     This Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant
to 28 U.S.C. § 1367.

20.     Venue is proper in this judicial district because the facts and events giving rise to
Plaintiffs' claims occurred in this judicial district. 28 U.S.C. § 1391.

**Rule 23 Class Action Allegations Under the AMWA**

21.     Plaintiffs and the class they seek to represent under the AMWA are current and
former tipped employees of Defendants in Arkansas who, at any time since November 25, 2015,
were paid sub-minimum, tip-credit rates of pay under the tip-credit provisions of the AMWA.

22.     Plaintiffs and other members of the proposed class worked as servers and
bartenders in Defendants' Arkansas restaurants.  Defendants paid those tipped employees an
hourly rate less than minimum wages under the tip-credit provisions of the AMWA, typically
$2.63 per hour.

23.     An employer may pay "an employee engaged in any occupation in which
gratuities have customarily and usually constituted and have been recognized as part of
remuneration for hiring purposes" less than minimum wage and may take "an allowance for
gratuities [a tip credit] as part of the hourly wage." Ark. Admin. Code, § 010.14-107(E)(1). But

4

an employer may only take a tip credit for "hours worked by the employee in an occupation in which he qualifies as a 'tipped employee.'" *Id.* at § 010.14-107(2)(b). When an employee "is required to work twenty minutes or more in any occupation in which gratuities have not been recognized as part of the remuneration for hiring purposes, the rate for the entire hour shall be at least the applicable minimum wage without a tip credit." *Id.* at § 010.14-107(2)(b) (ii).

24.     Defendants have a practice of regularly requiring employees paid sub-minimum, tip credit wages to perform work in occupations "in which gratuities have not been recognized as part of the remuneration for hiring purposes [*i.e.* dual jobs]" for more than twenty minutes per shift, such as: portioning dressings in the back of the house, slicing fruit, washing cups, glassware, silverware, or food platters, and cleaning the restaurants.

25.     Defendants violated the minimum wage provisions of the AMWA by requiring employees paid sub-minimum, tip credit wages to perform dual jobs for more than twenty minutes per shift without paying them the full minimum wage.

26.     In addition, Defendants violated the AMWA by requiring Plaintiffs and other tipped employees to reimburse Defendants for customer walkouts and cash register mistakes. Ark. Admin. Code, § 10.14-107(b)

27.     Courts have granted class certification in cases alleging similar violations of other states' tip credit provisions. *See, e.g., Driver v. AppleIllinois, LLC,* 265 F.R.D. 293, 311 (N.D. Ill. 2010) (granting class certification on non-tipped duties claim) & *Driver,* No. 06 C 6149, 2012 U.S. Dist. LEXIS 27659, *15 (N.D. Ill. Mar. 2, 2012) (decertification denied); *Clark v. Honey-Jam Cafe, LLC,* 11 C 3842, 2013 WL 1789519 (N.D. Ill. Mar. 21, 2013) (same); *Johnson v. Pinstripes, Inc.,* 12 C 1018, 2013 WL 5408657 (N.D. Ill. Sept. 26, 2013) (same); *Haschak v. Fox*

*& Hound Rest. Grp., et al.,* No. 10 C 8023, 2012 U.S. Dist. 162476, at * 2 (N.D. Ill. Nov. 14,

2012); *Schaefer v. Walker Bros. Enters., Inc.,* 10 6366, 2012 U.S. Dist. LEXIS 65432, *4 (May

7, 2012) (same).

28.     Plaintiffs bring their AMWA claim as a class action pursuant to Fed. R. Civ. P. 23

because the proposed class members are so numerous that joinder of all members is

impracticable.

29.     Plaintiffs estimate that throughout the limitations period, Defendants employed in

excess of 200 tipped employees in their Arkansas restaurants.

30.     The issues involved in this lawsuit present the following common questions of

law and fact: (1) whether Defendants pay their tipped employees sub-minimum hourly wages; (2)

whether Defendants require their tipped employees to perform work outside the scope of their

tipped occupation; (3) whether Defendants violated the AMWA by paying their tipped

employees sub-minimum hourly wages while requiring them to perform work outside the scope

of their tipped occupation; (4) whether Defendants required tipped employees to reimburse

Defendants for customer walkouts and cash register mistakes; and (5) whether Defendants

violated the AMWA by requiring tipped employees to reimburse Defendants for customer

walkouts or cash register mistakes.

31.     The common questions of law and fact predominate over the variations which

may exist between members of the class, if any.

32.     The individual Plaintiffs and the class of tipped employees on one hand, and

Defendants on the other, have a commonality of interest in the subject matter and remedy sought,

namely back wages plus liquidated damages, attorneys' fees and the cost of this lawsuit.

33.     Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class because they worked as tipped employees at multiple restaurants operated by Defendants in Arkansas and experienced the same practices that Plaintiffs allege violate the AMWA. In addition, Plaintiffs believe they can adequately represent the proposed class because they have engaged counsel that is highly experienced in large-scale wage and hour class and collective actions, like this one.

34.     If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendants.

35.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

36.     The books and records of Defendants are material to Plaintiffs' action as they disclose the hours worked by each employee and the rate of pay for that work.

## COUNT I
### Violation of the Arkansas Minimum Wage Act – Minimum Wages
### Class Action
### (As To All Defendants' Arkansas Restaurants)

37.     Plaintiffs reallege and incorporate the foregoing paragraphs of this Complaint as if stated in this Count I.

38.     This Count I arises from Defendants' violation of the AMWA for their failure to pay minimum wages to Plaintiffs and members of the proposed class of tipped employees when they performed work outside the scope of their tipped occupations for more than twenty minutes per shift.

39.     Plaintiff Greenwell was an "employee" of Defendants The Howard Group and R Wings as defined by the AMWA, A.C.A. § 11-4-203.

40.     Plaintiff Fluker was an "employee" of all Defendants as defined by the AMWA, A.C.A. § 11-4-203.

41.     Defendants The Howard Group and R Wings were Plaintiff Greenwell's "employer[s]" as defined in the AMMA, A.C.A. § 11-4-203.

42.     All Defendants were Plaintiff Fluker's "employer[s]" as defined in the AMWA, A.C.A. § 11-4-203.

43.     During their employment by Defendants, Plaintiffs were not exempt from the minimum wage provisions of the AMWA.

44.     Defendants paid Plaintiffs and other tipped employees sub-minimum hourly rates of pay for all hours worked, yet required them to perform work in dual jobs for more than 20 minutes each shift.

45.     Defendants violated the AMWA by failing to pay Plaintiffs and other tipped employees the full applicable minimum wage when they performed work in dual jobs for more than twenty minutes each shift.

46.     Defendants also violated the AMWA by requiring Plaintiffs and other tipped employees to reimburse Defendants for customer walkouts and cash register mistakes.

WHEREFORE, Plaintiffs and the proposed class of tipped employees pray for judgment against Defendants as follows:

A.      Owed minimum wages for all hours worked;

8

B. Liquidated damages pursuant to A.C.A. § 11-4-218(a)(2) equal to the amount of unpaid minimum wages;

C. Attorneys' fees and costs pursuant to A.C.A. § 11-4-218(a)(1)(B)(ii); and

D. Such other and further relief as this Court deems just and proper.

**COUNT II**
**Violation of the Fair Labor Standards Act – Minimum Wages**
**Collective Action**

47. Plaintiffs reallege and incorporate the foregoing paragraphs of this Complaint.

48. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for their failure to pay minimum wages to Plaintiffs and similarly-situated tipped employees.  Plaintiffs bring this Count as a collective action. Plaintiffs' consent forms to act as representative plaintiffs are attached hereto as Exhibit A.

49. Plaintiff Greenwell was an "employee" of Defendants The Howard Group and R Wings as defined by the FLSA. 29 U.S.C. § 203(d).

50. Plaintiff Fluker was an "employee" of all Defendants as defined by the FLSA. 29 U.S.C. § 203(d).

51. Defendants The Howard Group and R Wings were Plaintiff Greenwell's "employer[s]" as defined by the FLSA. 29 U.S.C. § 203(d).

52. All Defendants were Plaintiff Fluker's "employer[s]" as defined by the FLSA. 29 U.S.C. § 203(d).

53. Each Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and each is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

9

54.     Defendants' employees are engaged in interstate commerce and each Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

55.     During their employment by Defendants Plaintiffs were not exempt from the minimum wage provisions of the FLSA.

56.     Plaintiffs were paid an hourly rate less than minimum wage (approximately $2.63 per hour) to work as servers for Defendants.

57.     In one or more individual work weeks, Plaintiffs' average compensation, excluding tips, fell below minimum wage.

58.     An employer may pay a tipped employee less than minimum wage, that is, take a "tip credit," if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage.  29 U.S.C. § 203(m).  The tip credit provision does not apply to employees working outside the scope of their tipped occupation or to employees who are not permitted to retain their tips.  FLSA, 29 U.S.C. § 203(m); 29 C.F.R. § 531.56(e).

59.     Defendants regularly required Plaintiffs and similarly-situated servers and bartenders to perform duties outside the scope of their tipped occupation, including but not limited to, portioning dressings in the back of the house, slicing fruit, rolling silverware, washing cups, glassware, silverware, or food platters, and cleaning the restaurants, while paying them tip-credit wages.

60.     In addition, Defendants did not permit Plaintiffs and similarly-situated tipped employees to retain all of their tips. Plaintiff Greenwell was required to reimburse Defendants

from her tips for cash register mistakes; Plaintiff Fluker was required to reimburse Defendants from customer walkouts.

61.     Defendants' failure to comply with the terms of the minimum wage requirements of the FLSA regarding tip credit, and consequently, Plaintiffs' failure to be paid minimum wage from Defendants, was a willful violation of the Act.

WHEREFORE, Plaintiffs and similarly situated tipped employees pray for judgment against Defendants as follows:

A.     judgment in the amount of the owed minimum wages for all time worked;

B.     liquidated damages in an amount equal to the amount of unpaid minimum wages;

C.     reasonable attorneys' fees and costs incurred in prosecuting this action; and

D.     such other and further relief as this Court deems just and proper.

JURY TRIAL DEMANDED.

Dated:  December 3, 2015

Respectfully submitted,

One of the Attorneys for Plaintiffs

Douglas M. Werman (*Petition for admission filed herewith*)
Zachary C. Flowerree (*Petition for admission filed herewith*)
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
Phone: (312) 419-1008
Fax: (312) 419-1025

*Attorneys for Plaintiffs*

# EXHIBIT A

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below I represent to the Court that I have been employed by **R Wings R
Wild, LLC d/b/a Buffalo Wild Wings** or its parents, subsidiary or affiliated companies within the
prior three (3) years, and in one or more of those weeks was not paid all minimum wages and/or
overtime owed to me as required by 29 U.S.C. § 201 *et seq*. I authorize through this Consent the
filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all
persons similarly situated to myself.

My name is: Paige Greenwell          (print your name)

Your signature: Paige Greenwell

Date on which I signed this Notice: 11/11/2015
                                    (today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by **The Howard Group, Conway Wild Wings, LLC, R Wings R Wild, LLC d/b/a Buffalo Wild Wings** or their parents, subsidiary or affiliated companies within the prior three (3) years, and in one or more of those weeks was not paid all minimum wages and/or overtime owed to me as required by 29 U.S.C. § 201 *et seq*. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _Zachary Fluker_____ (print your name)

Your signature: _____

Date on which I signed this Notice: _11 19 15_____
(today's date)