IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PAIGE GREENWELL; and
ZACHARY FLUKER, on behalf of
themselves and all other persons similarly
situated, known and unknown                                   PLAINTIFFS

v.                            No. 4:15-cv-742-DPM

R WINGS R WILD, LLC; CONWAY
WILD WINGS, LLC; NORTH LITTLE ROCK
WILD WINGS, LLC; and JEROMY HOWARD          DEFENDANTS

ORDER

1. Greenwell and Fluker move for conditional certification of a collective action under the Fair Labor Standards Act. № 36. They worked as servers at Arkansas Buffalo Wild Wings locations owned indirectly by Jeromy Howard. Fluker worked as a bartender too. They say Howard and his companies violated the FLSA by requiring untipped work before, during, and after shifts paid at the tipped hourly rate. Greenwell, Fluker, and the opt-in plaintiffs have submitted declarations about job duties at Arkansas and Oklahoma restaurants. The parties agree that servers at these locations are similarly situated. № 30 at 1 & № 30-1. Defendants contest, though, whether bartenders should be included in the proposed collective action.

**2.** At this stage, Greenwell and Fluker's burden is modest, and they've carried it. *In re Pilgrim's Pride Fair Labor Standards Act Litigation*, 2008 WL 4877239, at *3 (W.D. Ark. 13 March 2008). Considering all the circumstances, both servers and bartenders should be included in the group. Both were paid the tipped rate; both had to come in early or stay late to prepare the store for opening or closing; and both were required to reimburse the store for walk outs.

It's true, as defendants point out, that the other work done by servers and bartenders was different at the margin. № 43 at 5. Bartenders, for example, washed all of the cups for the whole store, while servers rolled silverware and refilled dressings. But there's enough in common here for discovery to be manageable. The group members' duties need to be similar, not identical. *Smith v. Frac Tech Services, LTD*, 2009 WL 4251017 at *7 (E.D. Ark. 24 November 2009). And the Court can order sub-groups, if need be, at final certification and for any trial.

**3.** The representative and opt-in plaintiffs worked at several of Howard's restaurants throughout Arkansas and Oklahoma. № 37-1 at 25–52. Each named plaintiff makes similar claims about his or her work. *Ibid.* And

Howard seems to have an active policy-making role in his restaurants. № 37-1 at 22, 45, 49–50 & 58. At this early stage, the scope of the collective action seems about right. The Court can take a closer look after discovery.

The Court conditionally certifies a collective action. The group includes current and former servers and bartenders at Buffalo Wild Wings restaurants owned by Jeromy Howard in Arkansas and Oklahoma under one of the following entities: R Wings R Wild, LLC, Conway Wild Wings, LLC, North Little Rock Wings, LLC, Fort Smith Fiery Hot, LLC, Jonesboro Wings, LLC, Wingit, LLC, I-40 Wings, LLC, Edmond Wings, LLC, Rwings Rock, LLC, Tulsa Wings, LLC, Shawnee Wings, LLC, Middelwings, LLC, Wild Wings West, L.L.C., Owasso Wings, LLC, Yukon Wings, LLC, Norman Wings, LLC, or Stillwater Wings, LLC, during the three years before the complaint was filed.

The Court approves the notice as proposed. № 37-1 at 61. There's no need for a follow-up notice. The Court is confident that, if folks want to join the lawsuit, they will know how. Defendants must provide plaintiffs with a list of possible collective-action members in a usable electronic format by 22 July 2016. The list must include each person's name, last known address,

dates of employment, and employer ID number. The opt-in period will close 15 September 2016.

A final note. Plaintiffs' counsels' website is mostly about a different case. But it also provides a clear path for potential group members in this case to contact plaintiffs' counsel. The Court is curious about whether opt-ins learn about this case from the website or the Court-approved notice. Counsel should file a report about that when the opt-in period closes. And there should not be any specific internet notice given about this case without prior Court approval.

*   *   *

Motion, № 36, mostly granted and partly denied. Notice, № 37-1 at 61, approved. Motion, № 30, denied as moot.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

7 July 2016