IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PAIGE GREENWELL and ZACHARY FLUKER,
on behalf of themselves and all other persons
similarly situated, known and unknown                           PLAINTIFFS

v.                          No. 4:15-cv-742-DPM

R WINGS R WILD LLC; CONWAY WILD
WINGS LLC; NORTH LITTLE ROCK WINGS
LLC; JEROMY HOWARD; FORT SMITH
FIERY HOT LLC; JONESBORO WINGS LLC;
WINGIT LLC; I-40 WINGS LLC; EDMOND
WINGS LLC; RWINGS ROCK LLC; TULSA
WINGS LLC; SHAWNEE WINGS LLC;
MIDDELWINGS LLC; WILD WINGS WEST
LLC; OWASSO WINGS LLC; YUKON WINGS
LLC; NORMAN WINGS LLC; and
STILLWATER WINGS LLC                                            DEFENDANTS

ORDER

Motion to clarify, reconsider, provide an amended expert report, or certify for interlocutory appeal, № 113, partly granted and mostly denied. Slate can testify about her observations (through live video feeds and archived videos) of the work at the Defendants' restaurants. And—with important limitations—she can testify about general practices in the restaurant business based on her experience. What she may not do, directly or indirectly, is tell the jury (with the imprimatur of her long public service) what the law required in

these circumstances or that these restaurants followed that law. Ultimate-issue evidence often is admissible. FED. R. EVID. 704(a); *United States v. Posters N Things Ltd.*, 969 F.2d 652, 661 n.6 (8th Cir. 1992). But it should be excluded when the jury question is compliance with federal law and the expert proposes to school the jury in detail on that law, define legal terms operationally, and tell the jury whether a party violated that law or not. *Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003).

The limitations. The title of Slate's positions with the Department of Labor should not be mentioned. Testimony by a "Compliance Specialist" or "Enforcement Coordinator" from the DOL's Wage and Hour Division about what's usually done necessarily carries a judgment about what pay practices are legally proper. And Slate may not, explicitly or implicitly, tie the practices she's observed into what's proper under the law, either regulatory or statutory.

Some examples: She may say which tasks servers in the industry usually perform, but not whether it's permissible to pay a tipped rate for those tasks. № 85-1 at 50–51. She may say which tasks servers customarily share, but not whether they can share tasks without the tasks' becoming non-tipped work.

№ 85-1 at 54. Slate may likewise say that servers often prepare their work-stations for the day. She can't say, however, whether that prep work is tip-yielding, or that the tipped rate must be paid for it. *№ 85-1 at 55, 59.* And she can't say or imply anything about how other restaurants pay their servers or bartenders, such as which duties they count as general preparation work or maintenance. *E.g., № 85-1 at 50, 52 & 55.*

All three of Slate's opinions are a tight weave of fact and law. *№ 85-1 at 50–64.* If she can unwind those opinions, and eliminate the law from them, then what's left might help the jury some. Without the law parts, a few threads of pure fact remain. It's the Defendants' decision whether to have Slate use her expertise and testify at trial about them.

The Court will not certify this issue under 28 U.S.C. § 1292(b). It's not the sort of extraordinary, unsettled question appropriate for immediate review.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

9 August 2017